# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT ANDREW REED**, <br><br> Petitioner, <br><br> v. <br><br> **PATRICIA K. CUSHWA** *et al.*, <br><br> Respondents. | Case No. 20-cv-3524 (CRC) |

## **MEMORANDUM OPINION**

Petitioner Robert Andrew Reed filed this *pro se* action seeking a writ of habeas corpus while serving a term of supervised release. Because the Petition is premised on meritless legal theories, the Court will decline to issue the writ and dismiss the case.

### I. Background

In May 2010, a judge of the Superior Court of the District of Columbia sentenced Mr. Reed to an 80-month term of imprisonment followed by a five-year term of supervised release. See Judgment, ECF No. 1-1 at 45. Reed was released from prison in or around January 2016. See Pet'n at 20-21. On May 22, 2018, the U.S. Parole Commission issued a warrant for Reed's arrest based on one or more alleged violations of his conditions of release. The warrant was signed by Parole Commissioner Charles Massarone. See id. at 2-5. Reed was arrested on February 21, 2019. Id. at 3. In July 2019, the Parole Commission determined that Reed would remain incarcerated for at least another year. Id. at 22.

Reed completed the imprisonment portion of his sentence and was released from the custody of the Federal Bureau of Prisons on November 13, 2020. Id.; U.S. Resp. at 1, ECF No. 8. Prior to his release, Reed refused to sign a plan for his supervised release. Supervision Release Plan, ECF No. 8-1.

Within days of his release, Reed filed the present petition for a writ of habeas corpus. The Court ordered the respondents to show cause why the writ should not be issued. The government responded with a brief memorandum arguing that Reed was not seeking habeas corpus but merely requesting documents from the Court Services and Offender Supervision Agency under the Freedom of Information Act or the Privacy Act. U.S. Resp. at 2. The government further noted that the Parole Commission had issued another warrant for Reed's arrest on December 2, 2020. Warrant, ECF No. 8-2. According to the government, the "warrant is currently outstanding and [Reed] is in abscondence." U.S. Resp. at 2.

In June 2021, Reed moved for an "extension of time to present and prepare the newly discovered evidence" in this case, although he did not describe the purported new evidence or specify what deadline he sought to extend. ECF No. 11.

## II. Legal Standard

An individual on supervised release is "in custody" and may challenge that custody by seeking a writ of habeas corpus. Rahim v. U.S. Parole Comm'n, 77 F. Supp. 3d 140, 143 (D.D.C. 2015). A court will grant such a habeas petition if the petitioner's custody is "in violation of the Constitution or laws or treaties of the United States." Id. (quoting 28 U.S.C. § 2241(c)(3)). When "entertaining an application for a writ of habeas corpus," a court must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." 28 U.S.C. § 2243 (emphasis added). "Therefore, pursuant to 28 U.S.C. § 2243, the Court may independently determine as a matter of law that a habeas petition does not merit either a response from the government or the production of the petitioner before it." Does v. Bush, No. Civ.A.05 313 CKK, 2006 WL 3096685, at *2 (D.D.C. Oct. 31, 2006).

Like a civil complaint, a habeas petition may be dismissed at the pleading stage if it fails to "put forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cartner v. Davis, 988 F. Supp. 2d 33, 35 (D.D.C. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### III. Analysis

The Court has carefully reviewed Reed's 44-page handwritten Petition and its attachments. While the Court disagrees with the government's position that the Petition is merely a disguised request for documents, it is clear on the face of the Petition that Reed is not entitled to a writ of habeas corpus.

The Petition is best described as a grab-bag of creative but plainly meritless legal arguments. Reed's most sustained contention is that certain exercises of authority by the Superior Court and the Parole Commission were invalid because he never signed a contract granting the Court or the Commission power over him. See Pet'n at 5 (Reed "never contracted with the U.S. Parole Board" or contracted to be sentenced by the Superior Court); id. at 12 ("Petitioner assert[s] that the U.S. Parole Agency is trying to compel performance over the Private American citizen without any contracts in place between Petitioner and the U.S. Parole Board Agency"); id. at 13 ("No one is liable on an instrument unless he/she has signed it." (citing U.C.C. § 3-401)); id. at 20 (denying that Reed is bound by any relevant "social compact or contract"). The petition thus "bears all the hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to all litigants, regardless of how they portray themselves." Mells v. Loncon, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (collecting cases); see also Perkinson v. Georgia, No. 5:19-CV-00113-MTT-CHW, 2019

3

WL 2583513, at *2 (M.D. Ga. June 24, 2019) ("A so-called 'sovereign citizen' generally relies on the Uniform Commercial Code, admiralty laws, and other commercial statutes to argue that, because he has made no contract with the court or government, neither entity can foist any agreement upon him." (cleaned up)).

Another theme of the petition is that the May 2018 warrant issued by the Parole Commission was "bogus," in part because it was not issued by a judge or magistrate. See Pet'n at 2, 6-7. This argument, too, must be rejected. "If a person serving a term of supervised release 'is alleged to have violated the conditions of his release,' the [Parole Commission] may '[i]ssue a warrant for the apprehension and return of the releasee to custody.'" Smallwood v. U.S. Parole Comm'n, 777 F. Supp. 2d 148, 150 (D.D.C. 2011) (quoting 28 C.F.R. § 2.211(a)). The exercise of this authority "do[es] not violate the separation of powers doctrine." Id. (collecting cases).

To be sure, the Parole Commission must afford a releasee certain process before revoking supervised release, including an "opportunity to be heard in person and to present witnesses and documentary evidence." Fields v. Smith, No. 1:14-cv-01629 (CRC), 2016 WL 29250, at *2-3 (D.D.C. Jan. 4, 2016) (quoting Darden v. U.S. Parole Comm'n, 61 F. Supp. 3d 68, 72–73 (D.D.C. 2014)). However, Reed does not allege any facts that, taken as true, would show a violation of his procedural due process rights. Reed alleges that he has "never been to any probable cause court hearing" to challenge the May 2018 violator warrant, Pet'n at 31, but revocation of supervised release requires only an administrative hearing, not a court hearing. See Fields, 2016 WL 29250, at *3 (hearing must be before "a 'neutral and detached' hearing body

4

such as a traditional parole board, members of which need not be judicial officers or lawyers" (quoting Darden, 61 F. Supp. 3d at 72)).[1]

Accordingly, the Petition fails as a matter of law. The deficiencies in Reed's legal theories cannot be cured by introducing additional evidence.

IV. Conclusion

For the foregoing reasons, the Court will deny the [1] Petition for a Writ of Habeas Corpus, deny the [11] Motion for Extension of Time, and dismiss this action. A separate Order shall accompany this Memorandum Opinion.

CHRISTOPHER R. COOPER<br>
United States District Judge

Date: June 29, 2021

---

[1] The Court takes judicial notice of a separate habeas petition that Reed filed in the Eastern District of Pennsylvania, which states that after his arrest in February 2019, Reed "went before the bogus probable cause hearing," where he was "seen and interviewed by the U.S. Parole Agent examiner." Pet'n at 1, Reed v. Marler, No. 19-cv-2355 (E.D. Pa. May 19, 2019). It thus appears that Reed did receive an administrative hearing on the revocation of his supervised release, although he was dissatisfied with that hearing.